THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAM VanDEURSEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAMBRIA ENTERPRISES INC., a Minnesota )<br>Corporation, and CAMBRIA FABSHOP - )<br>CHICAGO INC., a Minnesota corporation, )<br>)<br>Defendants. ) | No. 08 CV 2416<br>Judge Darrah<br>Mag. Judge Keys<br><br>(Removed from Circuit Court of Cook<br>County, Illinois, Case No. 08CH 15281) |

## MOTION FOR REMAND

1. This cause was initially filed on April 24, 2008 in the Circuit Court of Cook County, Illinois and docketed as *VanDeursen v. Cambria Enterprises, Inc., et al.*, No. 08 CH 15281. The complaint was in two counts: 1) Injunctive Relief, and 2) Declaratory Judgment. A Petition for a Temporary Restraining Order was also set for hearing on April 30, 2008.

2. On April 29, 2008, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The case thereby having been transferred to this Honorable Court, the state case petition for a temporary restraining order was not heard.

3. Pursuant to 28 U.S.C. § 1447, plaintiff has 30 days to object to the propriety of the removal. Plaintiff does not object to the diversity of citizenship ground for removal. Rather, plaintiff objects to the amount in controversy alleged in the notice.

4. The party seeking removal based on subject matter jurisdiction bears the burden of establishing federal jurisdiction. *Kresege v. Jackson*, 2004 WL 2657935 at p. 1 (N.D. Illinois, Eastern Div., 2004). Any doubt regarding jurisdiction should be resolved in favor of remanding to the state court, and removal is only proper where the state court claims could have originally

1

been brought in federal court. *Id.*

5.  The case at hand could not have originally been brought in federal court because the amount in controversy does not exceed the statutory minimum of $75,000. The plaintiff's prayer for relief included a request for a temporary restraining order so that she could continue selling the defendants' products to their financial gain, and a declaratory judgment that the plaintiff can continue working for her current employer selling the defendants' products to their financial gain. There is no direct result of those actions that would damage the defendant, as these actions would be for the purpose of selling defendants' products and thus generating profit for the plaintiff *and* the defendants.

6.  These controversies do not amount to any sort of award that would cost the defendants $75,000 or more if the plaintiff were to be successful with this litigation. The only argument raised by defendants is pure speculation that the plaintiff would act to the defendants' detriment if she continued to sell Cambria products. (See Exhibit C to Cambria's Notice of Removal.) This speculation is quite nonsensical, for a logical mind would find it hard to fathom that a sales representative would disparage the manufacturer of the very products upon which her employment and livelihood depend.

7.  The cases cited by defendants set forth the rule that, for the case at hand, support plaintiff's argument that removal is not proper. The defendant relies upon *Countrywide Home Loans Inc. v. Stewart Title Guarantee Co.*, in which a Wisconsin federal court held that "the court determines whether the jurisdictional minimum is met on the basis of the record existing at the time of removal. …Where the plaintiff provides little information in the complaint about the value of its claims, the court may accept the defendant's good-faith estimate of the stakes if the estimate is plausible and supported by a preponderance of the evidence." *Countrywide Home*

*Loans Inc. v. Stewart Title Guarantee Co.*, 2007 WL 906154, (E.D. Wis. 2007). But in the case at hand, the plaintiff is seeking the right to act in the defendants' best interests, not to take any actions that would damage or harm the defendants in any way. The preponderance of the evidence shows that if the plaintiff is successful with this litigation, she would then be permitted to act in a manner that would be mutually beneficial for herself and the defendants. (See affidavits of plaintiff and Gary Linze attached to complaint.)

8. The defendants also rely upon *McCarty v. Amoco Pipeline Co.*, in which the Seventh Circuit U.S. Court of Appeals held that "[i]n determining the matter in controversy, we may look to the object sought to be accomplished by the plaintiff's complaint; the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389,393 (7th Cir., 1979).

9. In the *McCarty* case, the plaintiff asked a state court to enjoin Amoco Pipeline Co. from using plaintiff's land for its pipeline and to order Amoco to remove an existing pipeline from plaintiff's real property. *McCarty*, 595 F.2d at 391. The plaintiff's damages claim sought only $10,000 — far less than the statutory minimum for diversity jurisdiction in a federal court. *Id.* However, the federal court granted Amoco's removal based on Amoco's calculations that the removal of the pipeline requested by the plaintiff would cost Amoco a dollar amount well above the statutory minimum for jurisdiction, and this expense to Amoco would be a direct result of a court order to remove the pipeline. *Id.* Such a direct result and direct expense to the defendant is *not* present in the case at hand, where the burden upon the defendant's would merely be to allow the plaintiff and her current employer to continue conducting business as usual, and to the financial gain of the defendants.

10. The speculative allegations raised by the defendants are a smoke-and-mirrors

3

attempts to blind this court to the fact that the plaintiff has always acted and desires to continue acting to the mutual benefit of the parties. In James Tucker's affidavit, he speculates that "***IF*** Pam VanDeursen deflected the sale of 1500 square feet of surface product from CAMBRIA ... the lost revenue to Cambria ***would*** exceed $75,000." (See Exhibit C to Cambria's Notice of Removal, para. 4, emphasis added.) This allegation is not at all "plausible and supported by a preponderance of the evidence" as is required by *Countrywide* and other cases relied upon by the defendants. *Countrywide,* 2007 WL 906154 at 2. This plaintiff seeks the right to promote and sell the defendants' products, and there is absolutely no evidence whatsoever in the state court record to indicate that a plausible and direct result of granting this right to the plaintiff would be that she will "deflect the sale" to other competing brands. Such an assertion is illogical and inane, for this plaintiff's employment and livelihood depends upon her ability to successfully promote and sell Cambria products.

11. The burden of proof is on the party seeking removal to establish the amount in controversy. *Countrywide Home v. Stewart Title,* 2007 WL 90615 (para. 2) (E.D. Wis.). Where, as here, the complaint is silent as to damages, the court determines the jurisdictional minimum on the basis of the record at the time of removal. *Id.* Plaintiff is required to prove to a legal certainty that the claim is for less than the jurisdictional amount. Plaintiff will support this motion with its memorandum prior to presentment on Thursday, May 8, 2008.

12. Furthermore, Cambria has a motion to dismiss on file alleging, as grounds for dismissal, a Fed. R.C.P. 12(b)(3) ground that the noncompete/confidentiality agreement provides that a Minnesota district court has venue for "any matters relating to the agreement." Whereas sec. 12 of the agreement states only that disputes arising out of the agreement shall be determined in a district court. As of now, there is no dispute as there is no answer on file and

4

this venue clause cannot then, apply yet. Cambria's self-serving allegations in its Notice of Removal does not create a justiciable dispute; only an answer can do so. Moreover, the venue "Minnesota district court" could well mean a "federal" district court in Minnesota.

13. Additionally, this removal motion raises the question of the subject matter jurisdiction of this court to hear the cause. Necessarily, this court must first determine and rule on the merits of this motion before it determines and rules upon the motion to dismiss. More will be said by plaintiff in a brief in response to Cambria's motion to dismiss.

Wherefore, the amount in controversy does not exceed $75,000.00, and remand back to the state court is required.

Respectfully Submitted

_____
Michael E. Lavelle

Lavelle Law Group LLC
Michael E. Lavelle, #55311
Kevin E. Bry, #18587
Adam W. Lasker, #43334
218 N. Jefferson St., Suite 203
Chicago, IL 60661
(312) 559-0600
(312) 559-1335 (fax)

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2, 2008.

_Pam VanDeursen_ (signature)                                    Pam VanDeursen