Rev. 05-07-08

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAM VanDEURSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 CV 2416 |
| ) | Judge Darrah |
| CAMBRIA ENTERPRISES INC., a Minnesota ) | Mag. Judge Keys |
| Corporation, and CAMBRIA FABSHOP - ) | |
| CHICAGO INC., a Minnesota corporation, ) | (Removed from Circuit Court of Cook |
| ) | County, Illinois, Case No. 08 CH 15281) |
| Defendants. ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR REMAND

NOW COMES the plaintiff, by and through her attorneys, LAVELLE LAW GROUP LLC, and for her memorandum in support of her motion for remand, states as follows:

### I. INTRODUCTION AND STANDARDS PERTAINING TO REMOVAL AND REMAND

The instant case is one which was initially filed in the Circuit Court of Cook County, Illinois, and which defendants have removed to this Federal District Court. Plaintiff Pam VanDeursen has filed a petition for a temporary restraining order arising out of defendants' interference with her employment relationship with her new employer. (Plaintiff is a former employee of one or both defendants who was required to sign a purported post-employment noncompetition/confidentiality agreement when she first began working for defendants.)

Federal courts are courts of limited jurisdiction and the presumption is that "a cause lies outside" of the court's limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). As this court is aware, removal statutes must be strictly construed; moreover, the burden of establishing federal jurisdiction falls on the party seeking removal and any doubt regarding jurisdiction should be resolved in favor of state courts.

1

Rev. 05-07-08

See Rubel v. Pfizer Inc., 276 F. Supp. 2d 904, 906-07 (N.D.Ill. 2003), appeal dismissed 361 F.3d 1016 (7th Cir. 2004). Moreover, the amount in controversy that is relevant in whether subject matter jurisdiction exists, is the amount in dispute on the day the case begins; it cannot be determined by some *future* dollar amount. St. Paul Mercury v. Red Cab Co., 303 U.S. 283, 293. What happens later is irrelevant. Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998). Here, plaintiff seeks to enforce the contract as declared by the court; the value of the relief sought is measured by the liability that will follow if the contract is valid and enforceable. 922 F.Supp. 122, 125; citing Hunt v. Washington State Apple Advertising Com'n, 432 U.S. 333, 347. While plaintiff does not dispute the diversity of the parties, she does dispute that the amount in controversy exceeds the sum or value of $75,000 (exclusive interest and costs), as required under 28 U.S.C. section 1441.

## II. ARGUMENT

1. REMOVAL WAS IMPROPER, AND THUS THE CASE MUST BE REMANDED BACK TO STATE COURT, WHERE DEFENDANT DID NOT AND CANNOT ESTABLISH THE REQUISITE AMOUNT IN CONTROVERSEY.

The instant action is not one for money damages; rather, it is one for injunctive and declaratory relief. See plaintiff's prayers for relief in both its state court and federal court pleadings. Where the plaintiff is seeking an injunction or declaratory relief, the amount in controversy is determined by the value of the object of the litigation. See America's Moneyline, Inc. v. Coleman, 360 F.3d 782, 786 (7th Cir. 2004). Moreover, the costs which a defendant incurs in complying with the injunction may be considered. See Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591 (7th Cir. 2004).

In the case *sub judice*, Cambria has failed to meet its burden establishing jurisdiction, specifically the requisite amount in controversy. In arguing that the amount of controversy exceeds $75,000.00, Cambria's attempt at evidentiary data in its Notice of Removal is only the

2

Rev. 05-07-08

affidavit of James Tucker. Tucker's affidavit, however, is laden with rank conclusions with no underlying facts to support the conclusions. Instead, the affidavit amounts to an exercise in pure conjecture, which is premised upon a factually inaccurate red herring. Tucker opines that "[i]f Pam VanDuersen deflected " the sale of a large project, the "lost revenue" (Tucker does not say gross or net) "would exceed $75,000." Tucker affidavit at par. 4. Tucker further muses that a "retail sales associate" would be expected to sell numerous units. Id. at par. 5. And, Tucker further opines that the amount in controversy from the "viewpoint of Cambria" is in excess of $75,000.00. But Cambria's "viewpoint," based upon speculation, cannot be the value of the object of this litigation seeking injunctive relief.

Plaintiff has not been hired by Surface Solutions to sell product competitive to Cambria; instead, she was hired by Surface to promote only Cambria products. Exhibit B, pars. 6 and 7, attached to Complaint. Moreover, Surface Solutions (a Certified Installer Associate for Cambria at the time plaintiff was hired by it) was allowed by Cambria, in any event, to sell countertop products competitive to Cambria products. Exhibit C, par. 6, attached to Complaint. Whatever the reasons are that Cambria has for interfering with plaintiff's employment, that she would "deflect" sales from Cambria and cause it to lose revenue are not among them.

The relief sought by plaintiff in her Complaint is a declaration that she may lawfully continue her employment with Surface Solutions and declaring that such employment is not prohibited by the Exhibit A Confidentiality and Non-Compete Agreement, and to enjoin Cambria from attempting to enforce the agreement. Thus, the specific object of the plaintiff's action is essentially to legitimize her employment with Surface Solutions by finding that she is not violating that agreement. This relief cannot cause any wrongful monetary harm to Cambria, speculatively or otherwise.

Whatever reasons Cambria has for interfering with plaintiff's employment, that plaintiff

3

would "deflect" sales from Cambria and cause it to lose revenue is not among them. And they do not satisfy the amount in controversy requirement of diversity jurisdiction.

## III.  CONCLUSION

For all the foregoing reasons, plaintiff requests that this Court remand the instant matter to state court where it was initially filed and where it is properly venued.

Respectfully Submitted

s/ Michael E. Lavelle

_____

Michael E. Lavelle

Lavelle Law Group LLC
Michael E. Lavelle, #55311
Kevin E. Bry, #18587
Adam W. Lasker, #43334
218 N. Jefferson St., Suite 203
Chicago, IL 60661
(312) 559-0600
(312) 559-1335 (fax)